**Jane ROE, et al.**

v.

**OPERATION RESCUE, et al.**

**Civ. A. No. 88–5157.**

United States District Court,
E.D. Pennsylvania.

Nov. 2, 1988.

Mary A. McLaughlin, Linda J. Wharton, Debra L. Subar, Susan Cary Nicholas, Women's Law Project, Philadelphia, Pa., for plaintiffs.

Joseph F. Wusinich, III, Wusinich & Brogan, West Chester, Pa., for Michael McMonagle, Pro–Life Non–Violent Action Project of Philadelphia, and Chester County Citizens Concerned About Life.

William A. Bonner, Rutherford Institute of Pennsylvania, Media, Pa., for Randall Terry and Operation Rescue.

J. Michael Considine, Jr., Philadelphia, Pa., for Joseph Foreman and Council for Sanctity of Human Life.

Marion Edwyn Harrison, Washington, D.C., David L. Pennington, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, Pa., for American Life League and Judie Brown, individually and as an officer of American Life League.

Mark L. Tunnell, West Chester, Pa., for Chester County Citizens Concerned About Life.

## MEMORANDUM

NEWCOMER, District Judge.

This is an action for declaratory and injunctive relief sought against various anti-abortion activists. The procedural background of this case is set forth in *Roe v. Operation Rescue,* 123 F.R.D. 500 (E.D. Pa.1988) (Memorandum Opinion) and need not be repeated here. This court previously certified a class of women plaintiffs in an Order dated October 27, 1988, but held certification of the physician/staff in abeyance. I now address the issue of certification of the physician/staff class.

### I. *The Physician/Staff Class*

Plaintiffs seek to certify a class consisting of all physicians who perform abortions or provide reproductive health services in the Philadelphia metropolitan area, as well as each physician's staff and patients, beginning July 4, 1988, and continuing throughout thependency of this action, who are directly or indirectly affected by the actions of defendants and those acting in concert with them. The named representative for the physician/staff class is Dr. Allen Kline. Dr. Kline's affidavit states that he is a Doctor of Osteopathy, licensed in Pennsylvania, who maintains an active gynecological practice in Philadelphia. He states that he performs abortions for his patients and has done so since 1973. His affidavit states further that forced closure of an abortion facility without prior notice can have serious health implicatiolis for women with medical appointments that day, and that "excessively noisy demonstrations" outside abortion clinics would cause both clinic staff and patients to be upset, tense and angry, impairing the safety of the services provided. Plaintiffs' Exhibits to the Complaint, Ex. M.

### II. *Legal Standard*

A district court has wide discretion with respect to class determination. *Steiner v. Equimark Corp.,* 96 F.R.D. 603, 607 (W.D. Pa.1983) (citing *Neely v. U.S.,* 546 F.2d 1059, 1070 (3d Cir.1976)); *see also Weiss v. York Hosp.,* 745 F.2d 786, 807 n. 33 (3d Cir.1984). One of the four prerequisites to a class action is that the plaintiff must adequately represent the interests of the class. Fed.R.Civ.P. 23(a)(4). The Third Circuit has stated that this inquiry should determine whether the putative plaintiff "has the ability and incentive to represent the claims of the class vigorously, that he or she has obtained adequate counsel, and that there is no conflict between the individual's claims and those asserted on be-

half of the class." *Hassine v. Jeffes*, 846 F.2d 169, 179 (3d Cir.1988) (citations omitted). Additionally, the Supreme Court has repeatedly held that such persons "must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Texas Motor Freight Sys. v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977) (quoting *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216, 94 S.Ct. 2925, 2929, 41 L.Ed.2d 706 (1974)); *Roby v. St. Louis Southwestern Ry. Co.*, 775 F.2d 959, 961 (8th Cir.1985).

### III. *Analysis*

While at first Dr. Kline might seem an adequate class representative, the court has serious reservations about Dr. Kline's ability in this regard. After the motions related to class certification were filed, defendants deposed Dr. Kline. Dr. Kline's deposition testimony indicates the following: he did not perform abortions in the metropolitan Philadelphia area during the week of July 4, 1988, Deposition Transcript at 161, Dep.Supp. at 1; he now performs abortions only in a hospital setting, as opposed to a clinic setting, and cannot recall when he last performed an abortion at any of the clinics named as plaintiffs (other than to estimate that it was "within the last year"), Dep.Trans. at 13–14; and he performed abortions outside of the metropolitan Philadelphia area on each day during the period July 5th—9th, 1988, Dep. Supp. at 1.

Such facts give the court strong reservations about the adequacy of Dr. Kline as class representative for the physician/staff class. They certainly call into question whether Dr. Kline has suffered the same injury as those in the putative class he seeks to represent. *See East Texas Motor Freight*, 431 U.S. at 403, 97 S.Ct. at 1896. Moreover, they raise the question of whether Dr. Kline has standing to bring suit in this matter. *See Hassine v. Jeffes*, 846 F.2d 169, 175–76 (3d Cir.1988) (distinguishing standing and adequacy to represent a class). Without foreclosing future consideration of Dr. Kline's standing, I presently am unable to conclude that Dr. Kline would

adequately represent the interests of the physician/staff class as required by Rule 23(a)(4). For this reason, I need not consider the other Rule 23(a) requirements as they pertain to the physician/staff class and I will not certify the physician/staff class.